IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CURTIS L. MARTIN                                                              PLAINTIFF

      v.                              Civil No. 1:12-cv-01037

CAL TUCKER, RETIRED;
OFFICER JOHNNY ETHRIDGE,
Hamburg Police Department; and
CHIEF OF POLICE TOMMY BREEDLOVE,
Hamburg Police Department                                                    DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  The clerk is directed to file the *in forma pauperis* application and complaint.  Before the Court is Plaintiff's motion for leave to proceed *in forma pauperis.* For the reasons stated below, it is the recommendation of the undersigned that Plaintiff's *in forma pauperis* application be denied and his Complaint be dismissed.

## Background

According to the allegations of the complaint, on June 1, 2004, Plaintiff, while sitting in a lawn chair in his neighbor's yard, was struck by a vehicle being driven by Cal Tucker.  Plaintiff alleges he suffered cervical spine strain, thoracic spine strain, lumbar spine strain, right should strain, muscle spasm, and posterior disc herniation.  His medical expenses were over nine thousand dollars.

Plaintiff filed a lawsuit in Ashley County Circuit Court, CV-2005-284-3, against Tucker.  On January 10, 2012, a jury found in favor of the Defendant.  Plaintiff believes his constitutional rights were violated on June 1, 2004, and continued to be violated until the Ashley County cases was decided on January 10, 2012.

With respect to Johnny Ethridge and Tommy Breedlove, Plaintiff maintains they failed to conduct a proper of review of the accident.  Specifically, Plaintiff alleges they did not: contact any

eye witnesses; question Tucker regarding moving his vehicle; inspect the vehicle for damage; or inspect the area where Tucker was struck.

## Discussion

The Plaintiff is an inmate of the Arkansas Department of Correction, Cummins Unit. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

In reviewing an *in forma pauperis* application, there is a two step process followed by the court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous or malicious and, if so, to dismiss the complaint. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); 28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his affidavit, Plaintiff states he currently has no income or assets. The records from the Arkansas Department of Correction show his monthly balance averaged $2.86. The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for *in forma pauperis* status.

However, the claims asserted are barred by the statute of limitations as they are based on events that took place in June of 2004. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations,

Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any claims based on events that occurred in 2004, would be barred by the statute of limitations.

Next, the *Rooker-Feldman* doctrine precludes United States District Court from exercising subject matter jurisdiction overs "cases brought by state-court losers complaining of injuries caused by state court judgments---[that invite] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

<u>Conclusion</u>

Accordingly, it is the recommendation of the undersigned that Plaintiff's request to proceed *in forma pauperis* be denied and Plaintiffs' Complaint be dismissed with prejudice. The dismissal of this case will count as a strike under the Prison Litigation Reform Act. The Clerk should be instructed to put a § 1915(g) flag on the strike.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 17th day of April 2012.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE